UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NETWORK MULTIFAMILY SECURITY CORPORATION,<br>    Plaintiff<br><br>vs.<br><br>HOMES FOR AMERICA HOLDINGS, INC. and ROBERT M. KOHN,<br>    Defendants | CASE NUMBER 3:10-cv-1981<br><br>JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff, Network Multifamily Security Corporation (hereinafter "Network"), by and through its counsel, and for its Complaint against Defendants, Homes for America Holdings, Inc. ("Homes for America") and Robert M. Kohn ("Kohn") (collectively, "Defendants"), states as follows:

### I.  THE PARTIES

1. That Plaintiff Network Multifamily Security Corporation is a Delaware corporation with his principal place of business located in Irving, Texas.

2. That Defendant **Homes for America Holdings, Inc.** is a Nevada corporation with its principal place of business in Yonkers, New York and may be served with summons via its registered agent, **Paracorp, Inc., 318 N. Carson St., #208, Carson City, NV 89701**.

3. That, upon information and belief, Defendant **Robert M. Kohn** is an individual residing in New York who may be served with summons at **520 White Plains Road, Suite 500, Tarrytown, NY 10591.**

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy in this action is in excess of $75,000.

5. That venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b).

## III.  FACTUAL BACKGROUND

6. That on February 17, 2005, Network entered into an Agreement (the "Agreement") with Homes of Azalea Park, LLC ("Azalea Park") for the installation and monitoring of security alarms for an apartment complex located at 2500 Guerrero Drive, Carrollton, Texas (the "Property") for a 10 (ten) year term.  That a true and accurate copy of the Agreement is attached hereto as Exhibit A.

7. That the Agreement was executed on behalf of Azalea Park by "Robert Kohn, Manager, of Homes for America Holdings, Inc., its Sole Member."  See Exhibit A.

8. That, upon information and belief, Defendant Homes for America is the sole member of Azalea Park.

9. That Plaintiff Network fully performed pursuant to the terms of the Agreement.

10. That in December of 2005, Azalea Park breached the Agreement by virtue of its failure to make payments to Plaintiff Network according to the terms of the Agreement.

11. That in July of 2006, Plaintiff Network terminated its services under the Agreement due to Azalea Park's breach of the terms thereof.

12. That, pursuant to the terms of the Agreement, all monies owed by Azalea Park for the remaining portion of the 10 (ten) year term of the Agreement became immediately due and payable upon Azalea Park's breach thereof.  See Exhibit A, § XIII.

13. That, by virtue of Azalea Park's breach of the Agreement, Azalea Park was indebted to Plaintiff Network in the amount of $261,253.58 plus attorneys fees, costs and expenses.

14. That on October 11, 2006, Azalea Park, by Defendant Homes for America, its Sole Member, sold the Property to 2500 Guerrero Drive, LLC ("Guerrero Drive"). That true and accurate copies of the deed and closing statement evidencing the transfer are attached hereto as Exhibits B and C, respectively.

15. That Defendant Kohn signed the closing statement on behalf of Azalea Park as "President" of Defendant Homes for America. See Exhibit C.

16. That Azalea Park received a net amount in excess of $2,278,427.34 at the time of closing. See Exhibit C.

17. That, upon information and belief, Azalea Park transferred the net amount of $2,278,427.34 received at closing to Defendant Homes for America.

18. That, upon information and belief, Defendant Kohn received in excess of $382,500.00 at the time of closing for alleged fees. See Exhibit C.

19. That on April 28, 2009, Plaintiff Network obtained a judgment out of the 193rd Judicial District Court of Dallas County, Texas against Azalea Park due to its breach of the Agreement in the amount of $261,253.58 plus interest, attorneys fees and costs (the "Judgment"). A true and accurate copy of the Judgment is attached hereto as Exhibit D.

20. That a writ of execution was served on Azalea Park in connection with the Judgment and was returned nulla bona (the "Execution"). A true and accurate copy of the Execution is attached hereto as Exhibit E.

21. Upon information and belief, the Property was the only asset owned by Azalea Park.

22. Upon information and belief, Azalea Park became insolvent upon the transfer of the closing

funds to Defendants.

## COUNT ONE

23. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

24. That Defendants engaged in a "transfer" within the meaning prescribed in Tex. Bus. & Com. Code § 24.002(12).

25. That the transfer was made with the actual intent to hinder, delay, or defraud Plaintiff Network and other creditors, in violation of Tex. Bus. & Com. Code § 24.005(a)(1).

26. That, as a matter of law, Defendants' conduct represents a fraudulent transfer under Tex. Bus. & Com. Code § 24.001 et seq.

27. That Plaintiff Network is entitled to recover from Defendants an amount in excess of $261,253.58 plus its reasonable attorney fees and other related costs and expenses.

## COUNT TWO

28. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

29. That Defendants are also liable to Plaintiff Network because this transfer in which they participated was not made for reasonable value, in violation of Tex. Bus. & Com. Code § 24.005(a)(2).

30. That Plaintiff Network is entitled to recover from Defendants an amount in excess of $261,253.58 plus its reasonable attorney fees and other related costs and expenses.

## COUNT THREE

31. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

32. That Defendants are also liable to Plaintiff Network because this transfer in which they participated was not made for reasonable value, and Azalea Park was either insolvent at the time or became insolvent as a result of the transfer, in violation of Tex. Bus. & Com. Code §

24.006(a).

33. That Plaintiff Network is entitled to recover from Defendants an amount in excess of $261,253.58 plus its reasonable attorney fees and other related costs and expenses.

## COUNT FOUR

34. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

35. That Defendants and Azalea Park engaged in a conspiracy to defraud Plaintiff Network.

36. That Defendants and Azalea Park committed acts in furtherance of this agreement, including participating in the fraudulent transfer of the proceeds from the sale of the Property.

37. That Defendants are liable for all such acts insofar as they agreed to participate in the conspiracy and insofar as they aided and abetted the conduct Azalea Park undertook on behalf of the conspiracy.

38. Defendants knew that the agreed acts would result in harm to Plaintiff Network.

39. Defendants' agreement and actions in furtherance of its agreement with Azalea Park proximately caused Plaintiff Network's harm.

## COUNT FIVE

40. That Plaintiff realleges and reavers the allegations in the foregoing paragraphs.

41. That a dispute exist between the parties to this action as to whether Defendants are liable to Plaintiff for payments required by the Agreement and/or the value of the property leased pursuant to the Agreement.

42. That this Court has jurisdiction to enter a declaratory judgment as to the liability of Defendants to Plaintiff Network.

## JURY DEMAND

43. Plaintiff demands that this case be tried by jury.

PRAYER

44. Wherefore, Plaintiff Network Multifamily Security Corporation respectfully requests judgment against Defendants, jointly and severally, as follows:

A. For compensatory damages in excess of $261,253.58 plus statutory interest;

B. For reasonable attorney fees, cost and expenses;

C. For an order pursuant to Tex. Bus. & Com. Code § 24.008(b) and to the Judgment, entitling Plaintiff to execute on the assets transferred to Defendants; and

D. For all other relief which this Court deems equitable and just.

Respectfully submitted,

FELL & WOOD, LLP


_____/s/ Gregory B. Fell_____
Gregory B. Fell
State Bar No. 00790670

Robert J. Wood, Jr.
State Bar No. 00788712

3021 East Renner Road, Suite 140
Richardson, Texas 75082
972-488-8177
972-664-0470 (fax)

ATTORNEYS FOR PLAINTIFF


**CERTIFICATE OF SERVICE**

This is the original complaint. It will be served along with the summons that is issued by the clerk.

_____/s/ Gregory B. Fell_____
Gregory B. Fell