IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETWORK MULTIFAMILY SECURITY CORPORATION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 3:10-cv-01981-M |
| HOMES FOR AMERICA HOLDINGS, INC. and ROBERT M. KOHN, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss [Docket Entry #12]. For the reasons explained below, the Motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Network Multifamily Security Corp. ("Network") installs and monitors security alarms. In February 2005, Network contracted with Homes of Azalea Park, L.L.C. ("Azalea Park") to provide security installation and monitoring services to a Carrollton, Texas apartment complex owned by Azalea Park. Defendant Robert Kohn allegedly signed the contract on behalf of Azalea Park, though the parties dispute whether he did so in the role of Azalea Park's manager or in another capacity.

Network claims Azalea Park stopped making payments to it in December 2005. In July, 2006, Network terminated its security services to Azalea Park as a result of Azalea Park's alleged breach of its contract. Network filed suit in state court for the full amount of the contract, totaling $261,253.58 plus interest, attorney's fees, and other costs.

Azalea Park sold the Carrollton, Texas apartment complex in October 2006 for a net price of more than $2 million. Kohn allegedly signed the warranty deed and closing statement

on behalf of Azalea Park as "President" of Homes for America Holdings, Inc., which is Azalea Park L.L.C.'s sole member, and he received $382,500 from the closing as an unspecified fee. In April 2009, Network obtained a default judgment against Azalea Park in the 193rd Judicial District Court of Dallas County, Texas for the sums it was seeking. According to the Complaint in this case, the execution of the state court judgment was returned, showing that Azalea Park had no assets in Dallas County.

Network filed suit in this Court on October 1, 2010, alleging that Homes for America and Kohn violated the Texas Uniform Fraudulent Transfer Act (TUFTA)[1] by selling Azalea Park's only asset in order to avoid its liability to Network. Network further alleges that Homes for America and Kohn conspired to defraud Network of the money owed it by Azalea Park. Attached to the Complaint are purported copies of the alarm services contract and Network's judgment against Azalea Park, as well as the warranty deed and closing statement from the sale of the apartment complex.

Kohn now moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## II. STANDARD

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum confers personal jurisdiction over that defendant, and the exercise of such jurisdiction by the forum is consistent with due process.[2] The Texas long-arm statute reaches to the limits of due process, and therefore a court need only determine whether the exercise of personal jurisdiction over the moving defendant is consistent with due

---

[1] Tex. Bus. & Com. Code Ann. § 24 (West 2011).
[2] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)).

process.[3] The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state;[4] and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."[5]

When personal jurisdiction is challenged, and no evidentiary hearing occurs, the party seeking to invoke jurisdiction must make a prima facie showing of jurisdiction, with the court resolving all disputed facts in favor of jurisdiction.[6] When determining whether the plaintiff has made a prima facie case, the court may consider any affidavits, interrogatories, deposition testimony, or any other recognized discovery method,[7] not considering conclusory allegations.[8] Furthermore, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists."[9]

There are two categories of personal jurisdiction, general and specific. General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic," allowing the court to exercise jurisdiction over that defendant for causes of action unrelated to the defendant's connections to the state.[10] For specific jurisdiction to exist, the plaintiff's claims must arise out of or be related to his contacts with the forum state.[11]

---

[3] *Guardian Royal Exch. Assurance, Ltd. v. English China Clays P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).
[4] *See Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985).
[5] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001).
[6] *See Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[7] *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).
[8] *Panda Brandywine Corp.*, 253 F.3d at 869.
[9] *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989) (citation and internal quotation marks omitted).
[10] *Mink v. AAAA Dev.*, 190 F.3d 333, 336 (5th Cir. 1999). *See also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984).
[11] *See Burger King*, 471 U.S. at 472 (1985).

If a plaintiff makes a prima facie case that minimum contacts exist, the defendant has the burden of demonstrating that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.[12] Under some circumstances where specific jurisdiction is claimed, the court may exercise jurisdiction over a non-resident defendant accused of committing tortious acts outside the state that had a harmful effect within the forum. Under the so-called "effects test," first formulated in *Calder v. Jones*,[13] "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."[14] The Fifth Circuit has stated that "the key to *Calder* is that the effects of an alleged intentional tort are to be addressed as part of the analysis of the defendant's relevant contacts with the forum."[15]

## III.     ANALYSIS

Network does not contend that Kohn is subject to general jurisdiction in Texas, but argues only that Kohn's contacts give rise to specific jurisdiction. Kohn asserts that he is not subject to specific jurisdiction in Texas because none of his activities were purposefully directed at Texas; rather, Kohn states that "Plaintiffs [sic] claims are merely that this defendants [sic] signature appears on a purported contract with a separate legal entity."[16] That, Kohn argues, is not enough "to avail Robert Kohn to this jurisdiction."[17]

Network responds that it has established a prima facie case of specific jurisdiction, arguing that "Kohn actively participated in a Texas transaction involving the transfer of Texas-

---

[12] *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).
[13] *Calder v. Jones*, 465 U.S. 783, 789-90, 104 S. Ct. 1482 (1984).
[14] *Id*.
[15] *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997) (quoting Wallace v. Herron, 778 F.2d 391, 395 (7th Cir. 1985)).
[16] Kohn's Mot. Dismiss ¶ 10.
[17] *Id*.

based assets to defraud a Texas resident," and therefore, that "Kohn has engaged in multiple violations of [TUFTA], including fraudulent transfer and civil conspiracy, which more than establishes Kohn's minimum contacts with Texas for purposes of personal jurisdiction."[18] Furthermore, Network argues that Kohn is subject to jurisdiction because, "knowing that Azalea Park was indebted to Network for over $261,253.58, . . . Kohn . . . took over $382,000 . . . from the sale of the Property."[19] Network attached no evidence to its Response, and so the Court must determine from the Complaint, including attachments thereto, whether Network's allegations, taken as true, establish a prima facie case of specific jurisdiction.

In a case governed by Texas law, an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has personal jurisdiction over the corporation.[20] This protection, known as the fiduciary shield doctrine, does not apply if the defendant committed an intentional tort directed at the forum state.[21] Furthermore, "[i]f a corporate officer engages in tortious conduct in his corporate capacity in a forum, that conduct is sufficient to support a court's *in personam* jurisdiction."[22]

Network's allegations are sufficient to support the Court's exercise of personal jurisdiction over Kohn. Network alleges the following:

- Kohn signed an alarm services contract with Network on behalf of Azalea Park as "Manager" of Homes for America;

- Azalea Park defaulted on the contract, resulting in a debt of at least $261,253.58.

---

[18] Pl.'s Br. Opp'n 1, 2 (citation omitted).
[19] *Id.* at 3.
[20] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).
[21] *Eagle Metal Prods. v. Keymark Enters.*, 651 F. Supp. 2d 577, 586 (N.D. Tex. 2009) (Lynn, J.) *See also Donovan v. Grim Hotel Co.*, 747 F.2d 966, 974 (5th Cir. 1984) (holding a corporate officer was subject to jurisdiction in the forum state since his action had foreseeable consequences there).
[22] *S&M Representatives, Inc. v. Hrga*, No. 396-cv-1836-G, 1997 WL 328004, at *8 (N.D. Tex. June 10, 1997).

- Azalea Park sold the apartment complex in Carrolton, Texas, its only asset, to 2500 Guerro Drive, LLC for $2,278,427.34, while owing that debt to Network.
- Kohn signed the warranty deed and closing statement for the sale, on behalf of Azalea Park as "President" of Homes for America; and
- Kohn received in excess of $382,500 in fees from the sale.
- The remainder of the sale proceeds were transferred to Homes for America.

These allegations are sufficient to make out a prima facie case of personal jurisdiction over Kohn. Network alleges that Homes for America, as Azalea Park's sole member, caused Azalea Park to sell its only asset, and that Homes for America, and Kohn individually, received the proceeds, all while knowing that Azalea Park owed Network at least $261,253.58. Taken as true, Network's allegations show that Azalea Park committed fraudulent transfers under multiple sections of the TUFTA.[23] Furthermore, all of these actions were accomplished through the conduct of Kohn, as president of Homes for America. The Court finds that Kohn's alleged personal involvement in the unlawful conduct alleged in Network's Complaint is sufficient to establish a prima facie case of personal jurisdiction in this case.[24]

If a plaintiff makes a prima facie case that minimum contacts exist, the defendant has the burden of demonstrating that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. In order to meet this burden, a defendant must "show that conducting litigation in this court would be 'so gravely difficult and inconvenient' that it would be at a 'severe disadvantage' in comparison to the plaintiffs."[25] Kohn argues that he "lives and works in Florida," and that "[h]aving to pay an attorney in Texas to defend this action is

---

[23] *See* Tex. Bus. & Com. Code §§ 24.005, 24.006.
[24] *See Hrga*, 1997 WL 328004, at *9.
[25] *Id.* (quoting *Burger King*, 471 U.S. at 478.)

extremely unfair and burdensome."[26] Likewise, in an affidavit attached to his Motion, Kohn avers that he "does not own any businesses or personal property in Texas," and that "it would be a burden for [him] to continue this case in Texas."[27]

The burden imposed on Kohn by litigating this case in Texas is not so gravely difficult and inconvenient that he would be at a severe disadvantage in comparison to Network. In fact, Kohn does not provide any reason why having to pay an attorney in Texas would be any more burdensome than paying one in his home state of Florida. To the extent such a disparity exists, Kohn has failed to meet his burden of establishing that it puts him at a severe disadvantage in comparison to Network.

### IV.     CONCLUSION

Since Network has carried its burden of establishing a prima facie case of personal jurisdiction over Kohn, and Kohn has failed to meet his burden of demonstrating that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice, Kohn's Motion to Dismiss is **DENIED**.

**SO ORDERED**.

June 10, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[26] Kohn's Mot. Dismiss ¶ 12.
[27] Kohn's Mot. Dismiss Ex. A.